JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
The defendant-appellant, Ellis Veal, pleaded no contest to one count of possession of cocaine, a violation of R.C. 2925.11(A), after the trial court denied his motion to suppress. He was sentenced to two years in prison, with credit for time served. He now appeals his conviction, asserting as his sole assignment of error that the trial court erred in denying his motion to suppress.
Veal argues that the police lacked probable cause either to arrest him or to seize a bag of cocaine found near his person. We resoundingly disagree. On the night of his arrest, Veal was observed by two police officers conducting hidden surveillance from a distance of approximately fifty-five feet. Veal was at an apartment complex, the ownership of which had requested a police detail to protect against trespassers and drug dealers. The two officers saw Veal on two occasions walk through the breezeway and then climb steps toward the outside balcony of one of the apartments. According to the officers, on both occasions they then observed Veal prop his feet on the balcony railing in order to reach above the door to the apartment. Once Veal was thus positioned, the officers saw him, on each occasion, grab a plastic bag from where it was secreted above the door, reach into the bag, and extract what appeared to them to be rock cocaine. Then, according to the officers, Veal would position the plastic bag back above the door and "go out and deal it with whoever he was dealing it to."
Reacting to this behavior, the officers moved quickly to detain Veal, whom they now suspected of illegal drug activity. While one of the officers detained Veal, the other officer climbed onto the railing and removed from the ledge above the door a plastic bag of crack cocaine.
Veal now argues that the officers acted without probable cause, noting that, during the surveillance, they could not have known with "any certainty" that the plastic bag contained cocaine. He also argues that one of the officers made a "huge inferential leap" that he was involved in illegal drug activity. We could not disagree more.
When the officers moved to detain Veal, they were required only to have a reasonable and articulable suspicion that he was involved in criminal activity. Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868. In other words, they needed to be able to point to specific facts that, taken together with the rational inferences from those facts, reasonably warranted his seizure. Id. Here, the police observed Veal retrieve and sequester what in their experience appeared to be rock cocaine in a manner that was highly suspicious, in an apartment area known for illicit drug activity. Without doubt, the officers had a reasonable suspicion to stop and detain Veal.
Veal next argues that the officers were then required to obtain a search warrant before jumping on the balcony and retrieving the crack cocaine from above the doorway of a private residence. This argument is unavailing, however, because the record does not support the conclusion that Veal, who did not reside in the apartment complex, had any expectation of privacy whatsoever with respect to the balcony area where the cocaine was found. See Katz v. United States (1967), 389 U.S. 347,88 S.Ct. 507.
Finding no error in the trial court's denial of Veal's motion to suppress, we overrule his sole assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.